UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

VLADIMIR GONCHAR,
Petitioner,
v.
ERNESTO SANTACRUZ JR., et al.,
Respondents.

Case No. 2:26-cv-04399-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Vladimir Gonchar ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a bond hearing or release from Respondents' custody at the Adelanto Detention Facility in Adelanto, California. Dkt. No. 1. The Court has considered the Petition, Respondents' response thereto, Petitioner's reply, and the parties' supplemental submissions. Dkt. Nos. 8, 9, 11, 12.

## I. Background

Petitioner is a native and citizen of Russia who entered the United States at or near San Ysidro, California, on or about December 31, 2022. Dkt.

No. 1, Petition ¶ 1; Dkt. No. 1-1 at 2.[1] On January 1, 2023, the Department of Homeland Security ("DHS") paroled Petitioner into the United States under 8 U.S.C. § 1182(d)(5). *See* Dkt. No. 11-2 (Petitioner's Form I-94 Arrival-Departure Record). The parole stamp on Petitioner's Form I-94 indicates that his parole was valid until March 1, 2023. *Id.* at 2. As a condition of his parole, Petitioner was instructed to report to the Immigration and Customs Enforcement ("ICE") office near his final destination within 60 days or face removal from the United States. Dkt. No. 11-3 at 2. There, Petitioner was to complete his processing and consideration for enrollment in the Alternatives to Detention program ("ATD"). Dkt. No. 11-4 at 2. Petitioner received a notice stating that "failure to contact the local ICE office as instructed may result in your arrest and/or a loss of the right to any possible relief." *Id.*

Once released, Petitioner submitted an application for asylum and withholding of removal on behalf of himself, his spouse, and his minor child, who are derivative applicants. Petition ¶ 2. While released, Petitioner appeared for all his scheduled hearings and biometric appointments. *Id.* ¶ 9. Petitioner has no criminal history, has consistently complied with U.S. law and has never been arrested, charged, or convicted of any offense. *Id.* ¶ 8. Petitioner was employed by Wealfull Inc. as a construction worker and continuously resided in Los Angeles, California. *Id.* ¶¶ 4–5.

On April 7, 2026, Petitioner was arrested by ICE, more than three years after he first paroled into the United States, and was then taken to the Adelanto Detention Facility, where he remains detained. *Id.* ¶¶ 6–7. While detained, Petitioner requested a custody redetermination hearing. On April 22, 2026, an immigration judge denied the request based on lack of jurisdiction under *Matter of Q. Li*, and stated that Petitioner was not a

[1] The Court uses the page numbers inserted into the pleadings by the Court's electronic docketing system.

*Bautista* class member since he was apprehended upon entry.[2] *Id.* ¶ 14; Dkt. No. 1-1 at 7.

The Petition raises three grounds for relief. Petitioner argues his detention violates (1) Fifth Amendment Due Process; (2) 8 U.S.C. § 1231(a)(6) and Due Process; and (3) the Administrative Procedure Act ("APA"). Petition at 11–17.

Respondents' response to the Petition states that Petitioner appears to be a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) ("*Bautista*"). Consequently, Respondents contend Petitioner is not entitled to release, but, as a member of the *Bautista* class, is entitled to a bond hearing before an Immigration Judge under 8 U.S.C. § 1226(a). Dkt. No. 8 at 2.

However, Petitioner argues his relief is not limited to a bond hearing, as he has a protected liberty interest in remaining out of custody because his release from ICE custody after his initial apprehension reflected a determination by the government that he posed neither a flight risk nor a danger to the community. Petition ¶ 53 (*citing Pinchi v. Noem*, 792 F. Supp. 3d 1025 (N.D. Cal. 2025)). He seeks immediate release from his detention "without first being provided a constitutionally adequate hearing to determine whether his incarceration is justified." *Id.* ¶ 20. Grounds One and Two of the Petition both raise similar due process arguments challenging Petitioner's detention. In Ground Two, Petitioner argues he has an interest in remaining with his community, the risk of erroneous deprivation is high given there are no material changed circumstances, and the government's interest in

---

[2] Petitioner contends that he was not apprehended upon entry, and that because he has resided in the United States for over three years, he is a member of the *Bautista* class. Petition ¶ 16.

detaining him without a constitutionally adequate hearing is low. *See* Petition ¶¶ 61–64.

## II. Discussion

### A. Procedural Due Process

This Court and others in this District have found that re-detention, without notice or a pre-deprivation hearing, of a non-citizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process. *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The *Matthews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

#### 1. Private Interest

Petitioner has a substantial private interest in remaining out of custody. Though Petitioner has remained subject to supervision during this

time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi*, 792 F. Supp. 3d at 1032 ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

Respondents note that Petitioner's parole had expired by the time he was re-detained and appear to argue that a noncitizen may be returned to custody once parole expires. Dkt. No. 12 at 2–3. However, courts have found that noncitizens paroled into the United States under 8 U.S.C. § 1182(d)(5) have a liberty interest protected by the Fifth Amendment Due Process Clause, particularly where the noncitizen has been living in the United States on such parole for years. *See, e.g.*, *Medrano-Rocha v. Santacruz*, 817 F. Supp. 3d 871, 878 (C.D. Cal. 2026) ("While the Government's initial decision to parole Petitioner was discretionary, *see* 8 U.S.C. § 1182(d)(5), that decision nonetheless contained an 'implicit promise that parole will be revoked only if he fails to live up to the parole conditions.'"); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098, 1109 (E.D. Cal. 2025) ("[P]etitioner's liberty interest did not expire along with his parole.").

According to the parole stamp, Petitioner's parole period was January 1, 2023 until March 1, 2023. Upon the apparent expiration of the parole term,

the government did not re-detain Petitioner. Instead, Petitioner was allowed to remain out of custody; he lived with his family in the community for over three years, while their asylum claims were pending, and he was employed. Petitioner appeared for all his scheduled hearings and biometric appointments, and complied with all release conditions. Petition ¶ 9. Based on this record, the Court finds that Petitioner has a substantial private interest in remaining out of custody.

**2. Risk of Erroneous Deprivation**

With respect to the second *Mathews* factor, Petitioner argues the risk of erroneous deprivation is high where there has been no individualized finding that he is a danger to the community or flight risk, particularly when his custody redetermination was denied for lack of jurisdiction. Petition ¶¶ 14, 62. The Court agrees. The risk of an erroneous deprivation of a petitioner's liberty interest is considerable where he has not received any bond or custody redetermination. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (risk of erroneous deprivation is considerable for petitioner previously released on bond after it was determined he was not a danger to the community or a flight risk).

In evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal.

Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community"). Petitioner states that there have been no violations of his release conditions, and Respondents do not contend that changed circumstances prompted revocation of Petitioner's release. *See* Dkt. Nos. 11, 12. Petitioner appeared for all scheduled hearings and biometric appointments and has no criminal record. Petition ¶¶ 9, 63. He was also employed pursuant to a work authorization prior to his re-detention. *Id.* ¶¶ 5, 63.

Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Further, Petitioner's release was predicated on the Government's determination that Petitioner did not present a danger or flight risk requiring his detention. *See* 8 C.F.R. § 212.5 (permitting release on parole under 8 U.S.C. § 1182(d)(5)(A) in limited circumstances, "provided the aliens present neither a security risk nor a risk of absconding"). Respondents' response to the Petition does not address Petitioner's due process claims, other than stating that Petitioner would be entitled to a bond hearing before an Immigration Judge under 8 U.S.C. § 1226(a). Dkt. No. 8.

Based on the record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary re-detention.

**3. Government Interest**

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, 2025 WL 4051129 at *4 (collecting cases).

"[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]' " *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of constitutionally adequate procedures has resulted in his unnecessary detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process. Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claims.

## III. Order

For the foregoing reasons, the Petition is GRANTED as to Ground Two, and the remaining claims are dismissed without prejudice.

Petitioner is **ordered released** within 24 hours of this Order on his prior conditions of release. Petitioner's counsel shall file a status report

confirming Petitioner's release within two days thereof.

IT IS SO ORDERED.

DATED: May 28, 2026

Patricia Donahue
United States Magistrate Judge